IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CURLY YOUNG,** | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : CASE NO: |
| | : 1:06-cv-00563-SRW |
| | : |
| **HONEYWELL TECHNOLOGY** | : |
| **SOLUTIONS, INC.,** | : |
| | : |
| Defendant. | : |
| _____ | : |

**ANSWER OF DEFENDANT
HONEYWELL TECHNOLOGY SOLUTIONS, INC.**

**COMES NOW,** Defendant Honeywell Technology Solutions, Inc. ("Honeywell" or "Defendant"), by and through its undersigned counsel, and responds to Plaintiff's Complaint as follows:

**I.    JURISDICTION**

1.    In response to Paragraph 1 of the Complaint, Honeywell admits that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 2201; and 28 U.S.C. § 2202. Honeywell, however, denies that there is any basis in fact or law for Plaintiff's claims and/or the relief he seeks in this cause of action. Honeywell admits that Plaintiff purports to bring this action in accordance with 42 U.S.C. § 1981, as amended, but denies that there is any basis in fact or law for his claims and/or the relief that he seeks in this cause of action. Honeywell further denies that it has engaged in any wrongful or unlawful

activity toward Plaintiff and also denies Plaintiff is entitled to any damages and/or relief in this matter.

## II. PARTIES

2. Honeywell admits, upon information and belief, the factual assertions contained in Paragraph 2 of the Complaint.

3. Honeywell admits the factual assertions contained in Paragraph 3 of the Complaint.

4. Honeywell admits that Kent Erickson, white, was involved in the decision to terminate Plaintiff. Honeywell denies the remaining allegations contained in Paragraph 4 of the Complaint.

5. Honeywell denies the allegations contained in Paragraph 5 of the Complaint.

6. Honeywell denies the allegations contained in Paragraph 6 of the Complaint.

7. Honeywell denies the allegations contained in Paragraph 7 of the Complaint.

## III. STATEMENT OF PLAINTIFF'S CLAIMS

5. In response to the paragraph erroneously numbered as Paragraph 5, and the unnumbered paragraphs which span pages 3 to 6 of Plaintiff's Complaint, Honeywell states that it is unable to respond to these paragraphs because, based on its drafting, Honeywell cannot correlate an admission or denial with the numerous factual allegations contained within the three pages of text which constitute the erroneously numbered "Paragraph 5". Accordingly, Honeywell denies the allegations contained therein.

6. Honeywell denies the allegations contained in the paragraph erroneously numbered as Paragraph 6.

7.   Honeywell denies the allegations contained in the paragraph erroneously numbered as Paragraph 7.

8.   Honeywell denies the allegations contained in the paragraph erroneously numbered as Paragraph 8.

9.   Honeywell denies the allegations contained in the paragraph erroneously numbered as Paragraph 9.

11.   In response to the paragraph erroneously numbered as Paragraph 11[1], Honeywell admits that Plaintiff purports to bring this action in accordance with 42 U.S.C. § 1981, as amended, but denies that there is any basis in fact or law for his claims and/or the relief that he seeks in this cause of action.

## IV.   PRAYER FOR RELIEF

In response to the "Wherefore" paragraph and subparts 1, 2, and 3 thereof, Honeywell denies that Plaintiff is entitled to any relief at law or in equity, including, but not limited to, back pay, declaratory relief, compensatory damages, punitive damages, a permanent injunction, attorney's fees and costs.

## AFFIRMATIVE DEFENSES

Honeywell incorporates its responses to the Complaint above, as if fully set forth herein. Honeywell hereby submits its defenses to this Complaint as follows:

## FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, on the grounds that it fails to state a cause of action upon which relief may be granted and/or have failed to allege sufficient facts necessary to state a claim.

---

[1] Plaintiff did not plead a paragraph #10.

## SECOND DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that the Court lacks subject matter jurisdiction.

## THIRD DEFENSE

The Complaint should be dismissed, in whole or in part, on the grounds that Honeywell's actions with regard to Plaintiff were premised upon legitimate, non-discriminatory, non-harassing, non-retaliatory reasons, unrelated to any alleged protected classification of Plaintiff, and that Defendant's actions in this matter as to Plaintiff were in good faith.

## FOURTH DEFENSE

The Complaint should be dismissed in whole or in part as Honeywell's conduct with respect to Plaintiff was privileged, justified and in good faith and without improper motive, malice, purpose or means.

## FIFTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that Plaintiff has failed to mitigate his damages.

## SIXTH DEFENSE

The Complaint should be dismissed, in whole or in part, pursuant to the doctrines of estoppel, waiver, unclean hands, laches, *in para delicto* and/or the like including, but not limited to, that Plaintiff's actions and/or conduct placed him in the position in which he found himself with respect to his employment, and Plaintiff's actions and/or conduct were in contravention of policies and/or procedures and/or his refusal to avail himself to, and/or refusal of, various employment opportunities.

## SEVENTH DEFENSE

The Complaint should be dismissed in whole or in part on the grounds that Honeywell has acted in good faith as a reasonably prudent person/entity would have acted under the circumstances.

## EIGHTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that Plaintiff has failed to utilize internal remedies, has failed to follow Honeywell's internal policies and procedures and/or has failed to exhaust certain intra-Company procedures and/or policies prior to bringing this action.

## NINTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that Plaintiff has failed to follow Defendant's internal policies and procedures related to, *inter alia*, any discrimination and/or retaliation claims.

## TENTH DEFENSE

The Complaint should be dismissed because Defendant exercised reasonable care to prevent and correct promptly any alleged discriminatory or retaliatory conduct, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

## ELEVENTH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that the actions complained of, if proven, were outside the scope of the authority and employment of any person allegedly acting on Honeywell's behalf and/or were not authorized by Honeywell.

## TWELFTH DEFENSE

Any action, decision and/or conduct on Honeywell's part as to Plaintiff and/or any employment decision which Plaintiff contends impacted him would have been the same regardless of any alleged protected classification in which Plaintiff claims to belong in this action and/or alleged protected activity on his part.

## THIRTEENTH DEFENSE

A. An award of punitive damages in this case against Honeywell would be unconstitutional for the reason that awards of punitive damages are not governed by any specific standards, are not based on rational distinctions, do not serve any legitimate state interest and thereby violate the due process and equal protection provisions of both the Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 6, and 22 of the Constitution of Alabama.

B. Any demand for punitive damages violates the Sixth Amendment of the United States Constitution in that such claim for punitive damages is a claim that is penal in nature, entitling Honeywell to the same procedural safeguards accorded to a criminal defendant under the Sixth Amendment.

C. Any demand for punitive damages violates the self-incrimination clause of the Fifth Amendment of the United States Constitution in that the damages claimed are penal in

nature while Honeywell is required to disclose documents and/or other evidence without the safeguard against self-incrimination set out in the Fifth Amendment.

  D. Any demand for punitive damages violates the Fifth Amendment of the United States Constitution which prohibits deprivation of life, liberty or property except by due process of law in that the claim for punitive damages is vague and not rationally related to any legitimate government interests.

  E. Any demand for punitive damages violates the rights guaranteed by the United States Constitution in that the claim for punitive damages is penal in nature for which the burden of proof on Plaintiff is less than the "reasonable doubt" standard required in criminal cases.

  F. Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama which provides in Article I, Section 6, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are vague and not rationally related to any legitimate government interests.

  G. Any demand for punitive damages is unconstitutional under the Constitution of the State of Alabama, Section 6 which provides, that no person shall be deprived of life, liberty or property except by due process of law, in that the punitive damages claimed are penal in nature, requiring a burden of proof on the Plaintiff, which is less than the "reasonable doubt" standard applicable in a criminal case.

  H. Punitive damage awards in Alabama are not governed by any specific standards, are not based on rational distinctions, and do not serve any legitimate state interest. Consequently, such awards violate the due process and equal protection provisions of both the

Fourteenth Amendment of the United States Constitution and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama.

      I.      The amount of an award of punitive damages would violate the excessive fines provisions of the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama.

      J.      Punitive damages are penal in nature yet defendants in civil actions are not accorded the same procedural safeguards accorded to criminal defendants under the Fourteenth, Fifteenth and Sixteenth Amendments to the United States Constitution, including, without limitation, requiring proof beyond a reasonable doubt and imposing civil penal fines in excess of those fines that could be imposed under criminal law.

      K.      Plaintiff's claims for punitive damages are barred by the provisions of Code of Alabama 6-11-20 *et seq.* (1975).

## FOURTEENTH DEFENSE

Plaintiff's claims, or some of them, are, or may be, barred by the same actor and/or the same decision-maker defense.

## FIFTEENTH DEFENSE

Plaintiff's claims, or some of them, are, or may be, affected by the after-acquired evidence rule.

## SIXTEENTH DEFENSE

Damages, if any, suffered by Plaintiff, were the result of Plaintiff's own conduct and/or were the result of conduct other than that of Honeywell.

### SEVENTEENTH DEFENSE

The alleged adverse employment action(s) by Honeywell were not intentionally malicious, negligent, or reckless and do not warrant the imposition of punitive damages. *See Kolstad v. American Dental Ass'n*, 527 U.S. 526, 119 S. Ct. 2118 (1999).

### EIGHTEENTH DEFENSE

The Complaint should be dismissed in whole or in part because Plaintiff had no employment contract with Honeywell of any kind; there was no enforceable agreement between the parties, either express, implied or oral, as to employment, continued employment or other benefits to be accorded to Plaintiff; and Plaintiff was, at all relevant times, an "at will" employee of Honeywell.

### NINETEENTH DEFENSE

The Complaint should be dismissed, in whole or in part, as no casual connection exists between any of the challenged employment conduct, actions and/or decisions and any alleged unlawful harassing, discriminatory and/or retaliatory motive.

### TWENTIETH DEFENSE

The Complaint should be dismissed, in whole or in part, to the extent that Honeywell took prompt and effective remedial action with regard to the alleged actions, if any, of others toward Plaintiff that were actually reported to it.

### TWENTY-FIRST DEFENSE

Any allegation or averment of Plaintiff's Complaint not expressly admitted is hereby denied.

**TWENTY-SECOND DEFENSE**

Honeywell reserves the right to amend its Answer.

**WHEREFORE**, Defendant, **HONEYWELL TECHNOLOGY SOLUTIONS, INC.** requests that judgment be entered in its favor, that Plaintiff's Complaint be dismissed with prejudice, and that the Court enter an Order granting Honeywell its attorney's fees, costs, and expenses, as well as other relief deemed just and equitable under the circumstances, incurred in defending this action.

        Respectfully submitted,

        s/Sandra B. Reiss
        SANDRA B. REISS (ASB-3650-S80S)
        RYAN M. ADAY (ASB-3789-A54A)

        OGLETREE, DEAKINS, NASH,
          SMOAK & STEWART, P.C.
        One Federal Place, Suite 1000
        1819 Fifth Avenue North
        Birmingham, Alabama 35203-2118
        Telephone: (205) 328-1900
        Facsimile: (205) 328-6000
        E-mail: sandra..reiss@odnss.com
            ryan.aday@odnss.com
        Counsel for Defendant,
        Honeywell Technology
        Solutions, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey W. Bennitt
Jeff Bennitt & Associates, L.L.C.
P. O. Box 383063
Birmingham, Alabama 34238-3063

s/Sandra B. Reiss
SANDRA B. REISS (ASB-3650-S80S)
RYAN M. ADAY (ASB-3789-A54A)

OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
One Federal Place, Suite 1000
1819 Fifth Avenue North
Birmingham, Alabama 35203-2118
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: sandra..reiss@odnss.com
 ryan.aday@odnss.com
Counsel for Defendant,
Honeywell Technology
Solutions, Inc. Of Counsel

4260610.1