IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CURLY YOUNG,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CASE NO:** |
| vs. : | |
| : | **1:06-CV-00563-SRW** |
| **HONEYWELL TECHNOLOGY** : | |
| **SOLUTIONS, INC.,** : | |
| : | |
| **Defendant.** : | |
| _____ : | |

**PROTECTIVE ORDER**

Upon consideration of the joint motion for protective order (Doc. # 18), filed April 17, 2007, and for good cause, it is

ORDERED that the motion be and hereby is GRANTED as follows:

Pursuant to Federal Rule of Civil Procedure 26(c), for good cause shown and by agreement of all parties, it is hereby ORDERED:

1. The purpose of this Protective Order is to protect from general disclosure information which is ordinarily and customarily regarded as confidential and/or proprietary by defendant Honeywell Technology Solutions, Inc. ("Honeywell"). Control and distribution of all material covered by this Protective Order shall be the responsibility of the attorneys of record, and no copies of any protected information shall be made, furnished, or disclosed to any other person, firm, or corporation except as provided herein.

2. The information and documents that are produced in this case by Honeywell shall be utilized **in this case only** and said information or documents shall not be disclosed to anyone other than the following:

      (a)    counsel representing the parties in this litigation, including counsel or any other legal staff personnel who are employed by a party and are participating in litigation on behalf of a party;

      (b)    direct employees of counsel representing the parties in litigation;

      (c)    any party or director, officer, employee, consultant, or representative of any party or attorney for a party who is either required by such party or requested by counsel to assist with this litigation;

      (d)    expert consultants and expert witnesses including without limitation accountants, analysts, consultants, or engineers and employees or assistants under the control of any of the foregoing, who are engaged by counsel for the purpose of this litigation;

      (e)    actual witnesses or deponents as provided in paragraphs 6 and 7;

      (f)    such other persons as may be specifically designated by the Court.

3.    Upon the production of confidential information or documents, counsel for the other parties shall undertake sufficient measures and safeguards to protect the security of said records within his or her possession and shall not show or reveal its contents to associates, other employees, witnesses, or anyone else who is not involved in this case. Counsel for the other parties shall also maintain a list of the names of all persons to whom the confidential records have been disclosed further designating that each recipient has agreed to comply with this Protective Order.

4.    Confidential records shall not be photocopied, scanned, taped or filmed by anyone other than the parties identified in paragraph 2 above and their respective legal staff (and/or third party copy vendors who agree to abide by the terms of this Protective Order), and the records shall not be distributed outside the custody and control of the parties identified in paragraph 2 above.

Whenever confidential records have been disclosed to those parties identified in paragraph 2 above, counsel shall provide the recipient with a copy of this Protective Order and shall explain the contents thereof to sufficiently familiarize that person or persons of the confidential nature of the information and the scope of this Protective Order and shall secure that person's agreement to protect the confidentiality of the information and documents and to abide by the terms of this Protective Order.

     5.     Confidential information and documents subject to this Protective Order should not be filed with the Clerk of the Court except when required in connection with motions under the Federal Rules of Civil Procedure or other matters pending before the Court. Any such protected documents filed with the Court shall be filed in sealed envelopes along with a Motion to Seal if such a motion is warranted by existing law or by a non-frivolous argument consistent with FRCP 11(b).

     6.     Subject to the provisions of this Protective Order, a deponent during a deposition may be shown, and examined about, confidential records. To the extent necessary, confidential information within the deposition transcript may be designated as confidential and safe guarded by placing the protected testimony under seal and/or by undertaking other measures to protect the confidential information, any exhibits which contain confidential information may remain under the care and custody of counsel.

     7.     In the event counsel for any other party seeks to introduce confidential records during the trial of this case, counsel will inform the Court of this intent, and the Court will review the document's confidentiality and make arrangements for the document's confidentiality to be protected. Any such document utilized as exhibits at trial, whether admitted into evidence, will be impounded by order of this Court to be returned immediately following final judgment as provided herein.

8. Upon the conclusion of this litigation by an Order which has become final due to the expiration of time for appeal or rehearing or due to the denial of rehearing, or in the event that the parties settle their dispute, all confidential and protected documents covered by the protective order, including all copies of such documents, summaries of such documents, documents containing extracts from such documents, or documents taking information for such protective documents shall be within thirty (30) days after the conclusion of this action either (1) destroyed by counsel and or their legal staff with written verification being provided to Honeywell's counsel as to the destruction of said records or (2) returned to Honeywell's counsel.

9. Counsel for the Plaintiff may within fifteen (15) days of receipt of any protected information or document apply by motion to the Court for a ruling that such document (or category of documents) is not entitled to such status and protection. Honeywell shall be given notice of the application and an opportunity to respond.

10. Honeywell shall have the right to disclose protected information or documents designated pursuant to paragraph one (1) of this Protective Order as it deems appropriate.

DONE, this 18th day of April, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE