# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| **CURLEY YOUNG,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CASE NO:** |
| vs. : | |
| : | **1:06-CV-00563-SRW** |
| **HONEYWELL TECHNOLOGY** : | |
| **SOLUTIONS, INC.,** : | |
| : | |
| **Defendant.** : | |
| : | |

## DEFENDANT, HONEYWELL TECHNOLOGY SOLUTIONS, INC.'S MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Defendant, Honeywell Technology Solutions, Inc. (hereafter "Honeywell"), by and through its undersigned counsel, and moves for Summary Judgment on all claims raised by Plaintiff, Curley Young, on the grounds that the pleadings in this matter as well as the brief, deposition excerpts and exhibits filed simultaneously with this Motion show there is no genuine issue of material fact and that Honeywell is entitled to summary judgment as a matter of law. In support of this Motion, Honeywell shows:

**1. Plaintiff Cannot Present a Prima Facie Case or Pretext of Race Discrimination in Promotion Arising Under 42 U.S.C. 1981.**

Plaintiff alleges he was not promoted to the position of Electronics Tech in November 2005, because of his race. Plaintiff cannot present a prima facie case of race discrimination because Plaintiff cannot show that he was qualified for the Electronic Tech position. Plaintiff did not possess

the minimum qualifications for the position because he did not possess a degree in Electronics or have the equivalent military experience required for the job. Lewis v. Zilog, 908 F.Supp. 931, 955 (N.D. Ga. 2005); Harris v. Norfolk SCARP., 1991 U.S. Dist. LEXIS 19037 (W.D. Va. 1990). He was only given the opportunity to apply for the position in case he was the most qualified candidate, and his Project Manager could get a waiver from the Army for the educational requirement.

Plaintiff also cannot present a prima facie case of race discrimination in promotion as he cannot show he was as qualified, or more qualified, than the chosen candidate. Robert Hadley, a white male, was chosen for the position, because he possessed a degree in Electronics and had six years of on-the-job experience. See, Wright v. Southerland Corporation, 187 F.3d 1287, 1289 (11th Cir. 1999). Honeywell used objective criteria in choosing Hadley over Plaintiff because he possessed the minimum qualifications and years of on-the-job experience. Price v. M & H Valve Company, 2006 U.S. App. LEXIS 8415, *21 (11th Cir. April 7, 2006).

Plaintiff also cannot show pretext of race discrimination in promotion. Objective qualifications such as education and experience are permissible basis for choosing a candidate for open positions. Wright v. Southerland Corporation, 187 F.3d 1287, 1289 (11th Cir. 1999) Moreover, the Courts have been consistent in holding that they should not second-guess the use of competency factors by employers. Price v. M & H Valve Company, 2006 U.S. App. LEXIS 8415, *28-29 (11th Cir. April 7, 2006). As such, Plaintiff's claim for race discrimination in promotion must fail.

**2. Plaintiff Cannot Present a Case of Race Discrimination in Termination Arising Under 42 U.S.C. 1981.**

Plaintiff also cannot show he was terminated based on his race. It is undisputed that the Army, Honeywell's customer, had been dissatisfied with Plaintiff's performance for quite some time. Plaintiff was written-up almost every year of his employment with Honeywell. He was finally

terminated, after violating three basic Honeywell policies. In March 2005, Plaintiff was found without his PMSC forms by Thomas Lavar, a black male and the Quality Assurance Inspector. Range Techs should have these forms with them at all times to show completed preventative maintenance on their trucks. Plaintiff was written-up and placed on probation for a year. In January 2006, ten months later, Plaintiff was written up for a serious safety violation. Plaintiff's truck was found with a blower full of gas in the cab under a box of spray paint cans. The government issued truck was also filled with debris, and WD-40 and other paint cans were not stored in secondary containers. Thomas Lavar also found this violation of policy and Plaintiff was suspended for a week due to the seriousness of the violation, with the warning that any other violations could lead to termination.

Two months later, Plaintiff was found to have missing inventory during an audit. Gregory Clay, a black male and the Supply Technician, performed the audit on Plaintiff's ranges and two mannequins could not be found. Plaintiff had recently worked on a Honeywell project regarding inventory accountability and had helped devise the procedure for checking out inventory. Clay reported the problem to Lavar, who confirmed the missing inventory. Plaintiff had also been warned about his inventory. The information regarding this violation was forwarded to James Garrett, the Human Resources Director in Maryland, and based on his review of Plaintiff's file, he determined that Plaintiff needed to be terminated based on his violation of basic policies and the fact that his performance was not improving. Plaintiff does not dispute these write-ups. The Army actually commended Honeywell on its termination of the Plaintiff. Based on the many witnesses to his violations and history of write-ups, Plaintiff cannot show that Honeywell did not actually believe he committed these violations of policy, nor can he show this was not legitimate, non-discriminatory

basis for his termination. Curtis et. al. v. Teletech Customer Care Management Inc., 208 F.Supp.2d 1231, 1245 (N.D. Ala. 2002) See also, Gaddis v. Russell Corporation, 242 F.Supp.2d 1123, 1136 (M.D. Ala. 2003).

**3. Plaintiff Cannot Present a Prima Facie Case or Pretext of Retaliation Arising Under 42 U.S.C. 1981.**

Plaintiff also alleges retaliation with regard to his termination. Plaintiff cannot present a prima facie case of retaliation as he cannot show that the decisionmaker was aware of his alleged protected activity, nor can he show a temporal connection between his alleged utterance and his termination two to three years later. Plaintiff alleges that he complained on behalf of a black co-worker, Calvin Flowers, when Flowers was not given a position as a Junior Range Tech. Chris Hines, a white male, scored higher on the test for the position and Plaintiff allegedly told Project Manager, Ken Erickson, that the test was racially skewed although he had no basis for this allegation other than the fact that Hines scored higher on the test than did Flowers. James Garrett terminated Plaintiff two to three years later based on the events described above regarding Plaintiff's write-ups. Garrett was not employed with Honeywell at the time Plaintiff allegedly made his complaint, and was unaware of the same. When the decisionmaker is unaware of the protected activity, Plaintiff cannot show a prima facie case of retaliation. Clark v. Alabama, 2005 U.S. App. LEXIS 10276, *27 (11th Cir. June 2, 2005); Daneshvar v. Graphic Technology, 18 F.Supp.2d 1277, 1292 (D. Kan, 1998).

Plaintiff also cannot show temporal proximity between his alleged protected activity and his termination. Plaintiff states in his Complaint that the time span between the two events was two to three years. The Eleventh Circuit has ruled that this time span is too long to show a causal connection between the two events. Higdon v. Jackson, 393 F.3d 1211, 1220 (11th Cir. 2004);

Maniccia v. Brown, 171 F.2d 1364, 1370 (11th Cir. 1999).

Plaintiff also cannot show pretext of retaliation in termination. The reasons for Plaintiff's termination are set forth above and are undisputed by Plaintiff. An employee is not protected from poor performance or discipline simply because he may have engaged in protected activity. Hammond v. George C. Wallace Community College et. al., 2006 U.S. Dist. LEXIS 6396, *15 (11th Cir. March 16, 2006); Canitia v. Yellow Freight System, Inc., 903 F.2d 1064 (6th Cir. 1990).

**4. Plaintiff Cannot Present a Prima Facie Case or Pretext of Race Discrimination in Terms and Conditions of Employment Arising Under 42 U.S.C. 1981.**

Plaintiff also alleges that he was subject to disparate discipline and more scrutiny than his co-workers. However, Plaintiff cannot identify a similarly situated co-worker who was treated differently or better than he was treated or anyone who was subjected to less scrutiny. When a Plaintiff cannot identify a comparator in order to establish differential treatment, he cannot present a prima facie case. Morrisey v. Health Care Service Corporation, 2004 U.S. Dist. LEXIS 87, *20 (N.D. Ill. January 5, 2004); Miller v. City of Coral Gables, 2000 U.S. Dist. LEXIS 19268, *21023 (S.D. Fla. October 3, 2000).

**WHEREFORE,** Honeywell requests that this Court enter a finding of summary judgment as a matter of law, and requests that this Court award Defendant its reasonable costs and attorneys fees incurred in defending this action.

Respectfully Submitted,

/s/Sandra B. Reiss
Sandra B. Reiss (ASB-3650-S80S)

>Ryan M. Aday (ASB-3789-A54A)
>**OGLETREE, DEAKINS, NASH,**
>  **SMOAK & STEWART, P.C.**
>One Federal Place, Suite 1000
>1819 Fifth Avenue North
>Birmingham, Alabama 35203-2118
>Telephone: (205) 328-1900
>Facsimile: (205) 328-6000
>E-mail: sandra.reiss@odnss.com
>           ryan.aday@odnss.com
>*Counsel for Defendant, Honeywell*
>*Technology Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of May, 2007, the foregoing Motion for Summary Judgment was filed via this Court's CM/ECF, and that an electronic notice and complete copy of the foregoing Motion will be served to Jeffrey W. Bennitt pursuant to this Court's electronic filing service.

>/s/Sandra B. Reiss
>Sandra B. Reiss (ASB-3650-S80S)
>Ryan M. Aday (ASB-3789-A54A)
>**OGLETREE, DEAKINS, NASH,**
>**SMOAK & STEWART, P.C.**
>One Federal Place, Suite 1000
>1819 Fifth Avenue North
>Birmingham, Alabama 35203-2118
>Telephone: (205) 328-1900
>Facsimile: (205) 328-6000
>E-mail: sandra.reiss@odnss.com
>           ryan.aday@odnss.com
>*Counsel for Defendant, Honeywell*
>*Technology Solutions, Inc.*