# DECLARATION OF JAMES GARRETT

1. My name is James "Jim" Garrett. I am a resident of the State of Maryland, over the age of 19 years, and otherwise competent to give this declaration. The facts contained in this declaration are based upon my personal knowledge.

2. I have a Bachelors Degree in Management from Park University.

3. Before I was hired with Honeywell, I worked with Corvis Corp., later renamed Broadwing Corp., which was a telecommunications equipment manufacturer and service provider. I worked for Broadwing Corp. for over seven years and was the Human Resources Director for the last four years.

4. I was hired by Honeywell on August 24, 2005, as a Human Resources Manager. I worked with the military segment of Honeywell as well as the enterprise support units. The Honeywell site at Ft. Rucker was one of the sites in the military segment, and I worked with personnel at this site.

5. My duties as Human Resources Manager include employee relations, review of promotions, pay changes, performance management, and I conduct the final review on disciplines and termination. I also provide training on Honeywell's policies, including anti-discrimination in the workplace.

6. Kenneth Erickson, the Project Manager at the Honeywell site at Ft. Rucker, may recommend discipline or terminations, but he does not have the final authority on such decisions.

7. I first learned of Mr. Young soon after my hire. There had been an accusation of workplace violence by Mr. Young, and the accusation was investigated by a representative of the

1

Global Security department. I stayed in communication with Mr. Young during the investigation until the issue was resolved, and I met with him after the investigation had been completed. We determined that the accusation was exaggerated and there were different accounts of the story. Based on the investigation, Mr. Young was not disciplined in any manner.

8. I was aware that Mr. Young applied for a promotion in November 2005. He was not chosen for the position, as he was not the most qualified candidate. Mr. Young did not have a degree in electronics and also, he had history of discipline which was also taken into consideration.

9. I reviewed and approved the write-up for Mr. Young which he received in January 2006. This was the second write-up Mr. Young had received in a year and it involved a serious safety issue. This type of violation could have also affected our relationship with the customer, and because of the repetitive nature of the basic violations, I determined that Mr. Young should be suspended.

10. I also reviewed the last write-up for Mr. Young in March 2006, wherein Kenneth Erickson had recommended termination. At that time, I reviewed Mr. Young's entire file in my possession and determined that he had a history of disciplines on basic Honeywell and Army policies. Further, the types of violations by Mr. Young were simple site policies that could have harmed our relationship with the Army, and Mr. Young did not appear to be improving his performance. This last write-up involving inventory came on the heels of his January 2006 write-up regarding his government issued truck and it appeared to me that Mr. Young was not learning from the most basic of mistakes.

11. I made the final decision to terminate Mr. Young. We decided to offer Mr. Young severance benefits based on his tenure with Honeywell, which he did not accept.

12. I was unaware until the deposition testimony of Mr. Young, that he had ever complained that Calvin Flowers did not receive a promotion. In fact, I have recently found some notes by a former Human Resources Generalist, Shawnda Hunt, with whom I overlapped for about six weeks which seem to be some notes she took while speaking with Mr. Young in 2004. I found these notes in her files, after the litigation was filed, and I was unaware of them until recently.

13. Ms. Hunt never mentioned Mr. Young to me while we worked together.

_____
James Garrett

APRIL 10, 2007
Date